UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                          Case No. 8:15-cr-131-T-27

**DAVID BROOKS**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Brooke's *pro se* "Motion for Compassionate Release/Sentence Modification." (Dkt. 47). A response is unnecessary. The motion is **DENIED**.

Brooks stands convicted of one count of mail fraud, in violation of 18 U.S.C. § 1341. (Dkt. 38). On December 7, 2015, he was sentenced to 48 months imprisonment to run consecutive to the 84-month sentence he received in his Ohio state case, to be followed by 3 years of supervised release. (Id.; Dkt. 30 at ¶ 35). He seeks a sentence reduction "due to his medical conditions during this covid-19 pandemic." (Dkt. 47 at 4). Specifically, he asserts that he "has moderate to severe asthma and a [body mass index] of 40 or higher," and contends that "[w]ith the [Bureau of Prisons ("BOP")] unable to adhere to the [Centers for Disease Control] guidelines for preventing the transmission of covid-19, [he] is at a greater risk of mortality if he contracts the virus." (Id. at 1, 5). His contentions, however, are without merit.

The First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Brooks provides documentation reflecting that BOP received his request on May 26, 2020 to bring a

motion on his behalf, and that it was subsequently denied. (Dkt. 47-1 at 1). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion for compassionate release based on "extraordinary and compelling reasons" can be considered.

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1. None of Brooks' contentions fall within application notes (A)-(D). He does not contend that he has been diagnosed with a terminal illness, or that he is suffering from a serious and advanced illness with an end of life trajectory. Nor has he demonstrated that he suffers from a physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health resulting from the aging process that diminishes his ability to provide self-care in a prison setting. He does not identify any person with whom he shares a close relationship who has died or become incapacitated. And he does not contend that the BOP has determined that some other extraordinary and compelling reason exists.

Although he suffers from asthma, his BOP medical records indicate that his medical conditions are stable and managed with medication. (Dkt. 47-2). Indeed, he does not assert or

provide documentation demonstrating that his medical conditions substantially diminish his ability to provide self-care. *See* § 1B1.13, cmt. n.1(A)(ii); *see also United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020).

In sum, none of Brooks' reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, this Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 29th day of July, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record