UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                         Case No. 8:15-cr-131-T-27

DAVID BROOKS
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Brooks' *pro se* "Motion for Compassionate Release and Sentence Reduction" (Dkt. 50) and "Supplemental Attachment to Brooks Motion for Compassionate Release and Sentence Reduction" (Dkt. 49). A response is unnecessary. The motion is **DENIED**.

This Court denied Brooks' prior motion for compassionate release since he had not identified any extraordinary and compelling reasons to warrant release. (Dkt. 48). In this renewed motion, he seeks a sentence reduction based on "extraordinary and compelling reasons," "new medical information," and "new mitigating factors which substantially diminish [his] ability to provide self-care within the current prison environment and from which he is not expected to recover . . . ." (Dkt. 50 at 1). His contentions are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). In his renewed motion, Brooks asserts that he has exhausted his

1

administrative remedies because 30 days have elapsed since the Warden received his request. (Dkt. 50 at 2). Indeed, on May 26, 2020, BOP received his request to be considered for compassionate release. (Dkt. 50-1). Notwithstanding, Brooks fails to demonstrate that before filing this renewed motion, he presented these "new" concerns to the Warden. Accordingly, Brooks has not demonstrated that he has exhausted his administrative remedies as to his renewed request for compassionate release. And this exhaustion requirement cannot be waived.[1]

Even if he did exhaust his administrative remedies, Brooks again fails to identify an extraordinary and compelling circumstance to warrant a sentence reduction. First, nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[2] U.S.S.G. § 1B1.13, cmt. n.1. As for his contention that extraordinary and compelling reasons exist because cases of COVID-19 are increasing at FCI Morgantown, courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

[2] Moreover, his self-diagnosis of "stage 1/borderline stage 2 hypertension" and unsupported assertions that "he is unable to provide self-care" are insufficient to demonstrate an extraordinary and compelling reason for release. (Dkt. 49 at 3; Dkt. 50 at 4); *see United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. Last, to the extent he contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 49 at 1-3; Dkt. 50 at 8), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

Accordingly, Brooks' assertions do not constitute an extraordinary and compelling reason to warrant compassionate release. The motion is therefore **DENIED**.

**DONE AND ORDERED** this 7th day of October, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record